WASHBURN-CROSBY COMPANY, Respondent, vs. KUBIAK,
Appellant.

*October 18—November 15, 1921.*

*Sales: Anticipatory breach of contract: Remedies of seller: Election: Partially filled order: Rights of buyer: Amendment of pleading.*

1. The effect of an expression by the buyer, prior to the time of performance of his contract, of an intention not to perform, is to give the seller an opportunity to then treat the contract as thereby canceled, or to elect to hold and consider the contract still in force and insist upon performance, and thereafter seek the appropriate remedy for either, but there must be an election in some manner of one or the other alternative; and where the seller gives no recognition of the renunciation and ships the goods, he must be held to have thereby waived his right to treat such action by the buyer as an anticipatory breach.

2. Where plaintiff had two inconsistent courses of action, upon choosing one he lost the other; and having brought action to recover the purchase price of the goods shipped, he cannot amend and set up an anticipatory breach of the sales contract prior to the date of the shipment.

3. Under sec. 1684*t*—44, Stats., a purchaser of a carload lot of flour, feed, and 200 bushels of corn had the right to reject the entire shipment where it did not contain the corn.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Reversed.*

The plaintiff is a Minnesota corporation alleged to be engaged in the sale of flour, feed, and grain, the defendant a merchant in Anston, Wisconsin.

On September 8, 1920, plaintiff's agent, Stone, obtained a written order from defendant for a carload lot of flour, feed, and 200 bushels of corn. Defendant's testimony is uncontradicted that the corn was a substantial part of the contract. A price was fixed for the flour, but the feed and corn were to be at the market price prevailing at time of shipment, all to be delivered f. o. b. Anston. As a part of the conditions of the sale it was provided that in case of default by the

buyer on his part, then the seller might at its option and without notice (a) either cancel the contract, or (b) "sell for the buyer's account all the goods not delivered, and the buyer shall then pay the seller on demand any loss occurring from such sale and all accrued charges, such sale to be at any time within six months after such refusal or failure of the buyer." The time for shipment or delivery of such goods was fixed for December 1, 1920. From the testimony it is undisputed that under such order the shipper had, if done within the proper time, the right to determine the respective proportions of sacks of ninety-eight pounds or forty-nine pounds each of the flour, there being a difference in the price of fifteen cents more per barrel for the smaller sacks.

On November 4th defendant asked to have the time for shipping extended beyond December 1st. On November 29th defendant again wrote in substance that he was not in a position to receive the order of September 18th and would give shipping instructions in about three or four weeks. This was acknowledged by letter of December 4th indicating an intention of extending the accommodation there asked for and expecting definite instructions for shipments within three weeks.

About December 1st, however, defendant went to the hospital for an operation and was kept there for about ten days. On December 1st his father, who was looking after some of the details of the business in the defendant's absence, signed an order at the request of Stone, which was a duplicate of the order of September 18th except that the time for delivery was extended to January 5, 1921. On December 4th and while still at the hospital, defendant, being informed by his father of the extension order of December 1st, wrote to plaintiff as follows:

"Would advise that you cancel order for carload of flour and feed which I ordered September 18, 1920, from your agent, Mr. Stone. It's useless for you to ship this order, as the past year has been a very poor one for me financially,

having taken a heavy loss on lumber and other material I handle, and as I am financially embarrassed I certainly could not meet payment of this carload. Besides taking a heavy loss this far this season, I am at present at a hospital, was operated on November 30th. I beg you not to ship this order. I thought when I asked for an extension that I could perhaps accept same, but as the flour market has dropped considerably and having lost on all my undertakings this past year.

"I again beg you not to ship same; please do this for me, and when things sort of adjust themselves again, you no doubt can expect future business from me."

No acknowledgment in writing or otherwise was given by the plaintiff to defendant of this letter. On or about the 11th of December the plaintiff shipped a car containing the flour and feed, but not the corn, to defendant at Anston, and sent him an invoice stating thereon shipment to be in accordance with order of December 1st. Nothing was said about the corn. A bill of lading attached to a draft was subsequently presented and the defendant refused to accept the goods or to pay. About the end of December Stone sold the flour and feed to plaintiff's agent at Pulaski, Wisconsin. For the difference between the price so realized and the invoice price, together with items of freight and expense in connection with such sale, plaintiff brought this action against the defendant in January, 1921.

The original complaint omitted any reference to the corn; alleged that the goods were shipped with a draft and bill of lading and that defendant refused to pay; that after defendant refused to accept the goods plaintiff sold them and demanded the difference, as stated above. The answer admitted the making of a contract, refusal to pay, and alleged that the original contract had been canceled and abandoned. This was followed by an amended complaint again referring to the agreement of September and now alleging as to the agreement of December 1st; again alleges shipment pursuant to this new contract; refusal to pay the draft, demand made,

and again of the sale at a price less than that of the invoice, and the same prayer for judgment. It also alleged that the 200 bushels of corn had been omitted in the order of December 1st at the request of the defendant.

Upon the trial no attempt was made to prove that the omission of the corn in the shipment was at the request of defendant, and it appeared without contradiction that such item was stricken from the second order after it had been signed by defendant's father and without consent or direction by defendant or any one on his behalf.

Upon the trial the plaintiff insisted that it was entitled to consider the letter above quoted of December 4th such a denial of the contract by defendant as made an anticipatory breach of the contract upon which plaintiff might proceed under clause (b) above quoted and recover the damages as then sued for, and moved the court for permission to amend its complaint to conform with the proofs, and on that theory. The motion was granted and judgment directed for the plaintiff for substantially the amount claimed. From the judgment so entered defendant has appealed.

*Sol. P. Huntington* of Green Bay, for the appellant.

For the respondent there was a brief by *Fairchild, North, Parker & Bie* of Green Bay, and oral argument by *Walter T. Bie.*

ESCHWEILER, J. Assuming, but only for the purpose of the present disposition of this case, that the letter of December 4th quoted above indicated such a refusal by defendant to carry out the contract that it might be treated by the plaintiff as an anticipatory breach thereof, yet there is nevertheless lacking an essential element which must exist before plaintiff could be entitled to recover damages upon such theory, it being the one upon which judgment was rendered in the court below. The fact alone that one party to such a contract indicates his intention of not carrying out his part thereof prior to the time of performance is not suf-

ficient to destroy the contract relationship theretofore exist-
ing.   The effect of such renunciation by the one is to give the
other party an opportunity to then treat it as thereby can-
celed or nevertheless elect to hold and consider the contract
still in force and insist upon performance by the one so re-
nouncing, or tender performance on his own part and there-
after seek the appropriate remedy for either.   But there
must be an election in some manner of one or the other alter-
native.   Where, as in this case, the plaintiff as seller gives
no recognition on his own part of the renunciation to the
buyer by responding in any way thereto and proceeds, in
spite of such repudiation, to ship the goods in alleged com-
pliance with the contract, he must necessarily be held to have
thereby waived his right to treat such action by the buyer as
an anticipatory breach.  *Woodman v. Blue Grass L. Co.* 125
Wis. 489, 495, 103 N. W. 236, 104 N. W. 920; *Kamps &
Sacksteder D. Co. v. United D. Co.* 164 Wis. 412, 414, 160
N. W. 271; *Ambler v. Sinaiko,* 168 Wis. 286, 294, 170
N. W. 270; *Rauer's L. & C. Co. v. Harrell Co.* 32 Cal. App.
45, 162 Pac. 125, 133; *Roehm v. Horst,* 178 U. S. 1, 20 Sup.
Ct. 780; *Central T. Co. v. Chicago A. Asso.* 240 U. S. 581,
589, 36 Sup. Ct. 412; 5 Page, Contracts (2d ed.) § 2893;
Benjamin, Sales (7th ed.) § 568.

The two courses thus open to his option are necessarily
so inconsistent that he cannot have both, and having deliber-
ately chosen the one he has lost the other.   *Haueter v. Marty,*
156 Wis. 208, 211, 145 N. W. 775; *Indiana L. E. Co. v.
Carnithan,* 62 Ind. App. 567, 109 N. E. 851, 855; *Leonard v.
Kendall* (Tex.) 190 S. W. 786, 789; 5 Page, Contracts (2d
ed.) § 2896; 6 Ruling Case Law, p. 1025.

The effect of the shipment of the carload of flour and feed
on December 11th by plaintiff in alleged compliance with the
contract of December 1st and its bringing this action to re-
cover for failure by defendant to pay for such shipment can-
not, by such a mere change of pleadings as was permitted in
the court below, reinstate the rights, if any such plaintiff had,

upon any anticipatory breach by defendant prior to the time of such shipment. Such change as was so permitted by the trial court is not a mere permissible change of pleadings but amounted to a reinstatement of a.cause of action heretofore lost.

By the unexplained omission of the 200 bushels of corn in the carload shipment of December 11th the plaintiff came within the provisions of sec. 1684*t*—44, Stats., providing that, where the seller delivers to a buyer a quantity of goods less than those contracted to be sold, the buyer may reject the entire shipment as a noncompliance with the contract. Therefore, upon receiving the invoice showing that the shipment did not contain the corn, and such being the fact, the defendant was justified in rejecting the entire shipment. The rule would be the same independent of such statute. *Newell v. New Holstein C. Co.* 119 Wis. 635, 641, 97 N. W. 487.

The defendant therefore incurred no liability to plaintiff by his refusal to accept and pay for the goods so attempted to be tendered by plaintiff, for this reason rendering it unnecessary to determine whether or not he was also justified in refusing to accept the attempted delivery because shipped prior to the time fixed by the contract and without the defendant having requested such shipment or having had any opportunity to select, under the options given him, as to the sizes of the packages of flour.

It follows from what has been said that the plaintiff has no cause of action whatsoever against the defendant, and judgment should now be rendered in his favor.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.